IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GLENDA D. MARRS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| HATFIELD LUMBER COMPANY, INC., ) | |
| BUDDY BEAN LUMBER CO., and ) | **JURY TRIAL REQUESTED** |
| MICHAEL A. PERRY, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COME NOW separate defendants Hatfield Lumber Company, Inc. and Michael A. Perry (collectively referred to herein as the removing defendants), by and through counsel, and hereby remove the civil action captioned "Glenda Marrs v. Hatfield Lumber Company, Inc., et al.," Case No. 09CM-CC00358 from the Circuit Court of Camden County, Missouri to the United States District Court for the Western District of Missouri, Central Division.

This removal is based on diversity of citizenship and is made pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b).

1.     Plaintiff Glenda Marrs ("plaintiff") filed an action for personal injuries in the Circuit Court of Camden County, hereafter referred to as the "state action." In the state action, plaintiff has made a claim for injuries she alleges to have sustained on September 27, 2004 in which she alleges she injured her lower and upper back, had a cervical strain, suffered a herniated disc, and has numbness to hips and her right knee, and dizziness.

1

2. On or about October 29, 2009, plaintiff served defendants Hatfield Lumber Company, Inc. and Michael A. Perry with a petition in the state action, a copy of which is attached hereto as Exhibit A. A copy of all pleadings filed in the state court action subsequent to the filing of plaintiff's Petition (including moving defendants' Answer and Rule 66 Notice) are attached hereto as Exhibit B.

3. Removal of the state action to this Court is proper pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between the plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Plaintiff is a resident of the State of Missouri as evidenced by paragraph 1 of plaintiff's Petition.

5. Defendant Hatfield Lumber Company, Inc. is an Arkansas corporation as evidenced by paragraph 2 of Exhibit A.

6. Defendant Michael A. Perry is a resident of Oklahoma as evidenced by the caption in Exhibit A.

7. Plaintiff has not identified the residency of Buddy Bean Lumber Company, but on information and belief, Buddy Bean Lumber Company is an Arkansas corporation with its principal place of business in Arkansas.

8. With regard to the amount in controversy, "under the preponderance standard, [t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (citing *Kopp v. Kopp,* 280 F.3d

2
SPFDDOCS 324732v1
Case 2:09-cv-04247-NKL   Document 1   Filed 11/24/09   Page 2 of 4

883, 885 (8th Cir. 2002)).  Here, Exhibit A does not restrict the amount of damages plaintiff seeks, and instead alleges an amount "in excess of Twenty-five Thousand and No One-hundredths Dollars ($25,000.00)" as evidenced by the wherefore paragraph in Exhibit A.  Plaintiff seeks to recover for injuries to her lower and upper back, which include an alleged herniated disc, and for numbness she claims to have in her hips and right knee, as well as dizziness.  She claims to have incurred in excess of $10,000 in medical expenses, and continues to incur medical expenses.  Plaintiff further alleges that she has sustained lost wages and other "benefits in an amount unknown at this time." (Paragraphs 11 and 12 of Exhibit A).

9. Without conceding any value of this case, defendants believe that the Court can conclude that the amount in controversy limit has been met for jurisdictional purposes.

10. Defendants are filing their removal notice within 30 days after the receipt by defendant of the petition (complaint).  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

11. The removing defendants are filing written notice of this removal with the Clerk of Court in the state action, and copies of the notice of filing notice of removal, together with the notice of removal, are being served upon plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

12. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of defendants' rights to assert any defenses or affirmative matters.

WHEREFORE, the removing defendants respectfully remove this action from the Circuit Court of Camden County, Missouri to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

LATHROP & GAGE LLP


By: */s/ Laurel E. Stevenson*
    Laurel E. Stevenson   #36313
    lstevenson@lathropgage.com
    P. O. Box 4288
    Springfield, MO  65808
    (417) 886-2000  FAX:  886-9126
    Attorneys for Defendants Hatfield
    and Perry


## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2009, a copy of the foregoing was forwarded to counsel for plaintiff by depositing same in the United States Mail, postage prepaid, as follows:

Mr. Lawrence F. Gepford, Jr.
The Gepford Law Group, L.C.
9200 Ward Parkway, Suite 550
Kansas City, MO  64114

John H. Campbell
Attorney at Law
4075 Highway 54, #101A
Osage Beach, MO  65065

    */s/ Laurel E. Stevenson*
    ATTORNEY OF RECORD

4
SPFDDOCS 324732v1